UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  1:15-cr-00077-04-JL |
| | ) | |
| JUAN A. PICHARDO MENDEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

UNITED STATES' PARTIAL OBJECTION TO DEFENDANT'S MOTION TO REVIEW
PRE-TRIAL DETENTION

The United States of America, by Donald Feith, Acting United States Attorney for the

District of New Hampshire, hereby objects to the defendant's motion to review bail to the extent

it requests an evidentiary hearing because regardless of who the defendant proposes as a third

party custodian, the defendant has failed to show that a condition or combination of conditions

will assure his appearance in court and the safety of any other person and the community.

I.       PROCEDURAL HISTORY.

On May 20, 2015, the defendant was indicted on one count of Attempt to Possess with

Intent Cocaine Base and one count of Unlawful Use of a Communications Facility.  On June 29,

2015, the defendant was arrested and a detention hearing was held.  At the detention hearing, the

defendant requested release to a third party custodian who was subsequently deemed

inappropriate.  The defendant requested a stay of the detention hearing to June 30, 2015 to allow

the defendant to propose a second, third party custodian.  The second proposed third party

custodian was also deemed inappropriate.  On June 30, 2015, after careful consideration of the

factors enunciated in 18 U.S.C. § 3142 (g), the Magistrate found that the defendant's release

"even on strict conditions, presents too serious a risk of flight and danger to another or the community" and ordered the defendant detained pending trial.

II.   <u>FACTS</u>:

On July 30, 2014, CBP at the Rafael Hernandez Airport in Aquadilla, Puerto Rico selected a Federal Express priority package for inspection. The package originated in the Dominican Republic and was addressed to Jimmy Paul of 197 Laurel St., Manchester, NH. The package purportedly contained 100% cotton, decorative fabric. An inspection of the package revealed several bags containing over 500 grams of cocaine base concealed inside the top flap of the cardboard box. HSI decided to conduct a controlled delivery of the package in Manchester, New Hampshire.

On August 1, 2014, the package was delivered to 197 Laurel Street, Manchester, NH. The investigation revealed that the defendant made arrangements for the package to be delivered to 197 Laurel Street. The defendant agreed to come and pick up the package. Later that evening, the defendant arrived at 197 Laurel Street and walked into the driveway in the direction of the rear door of the apartment building. The defendant was approached by a third party who advised him that the police were in the building. The defendant returned to his car and left the area without entering the building. The substance was subsequently analyzed and tested positive for 555.93 grams of cocaine base.

III.   <u>ARGUMENT.</u>

The defendant's request for a bail review based upon the bare bones proposal for a third, third party custodian is insufficient to warrant a new evidentiary hearing or grant of bail. <u>See</u> <u>U.S. v. Rebollo-Andino</u>, 312 Fed.Appx. 346 (1st Cir. 2009). After two detention hearings and careful consideration of the factors enunciated in 18 U.S.C. § 3142(g), the Magistrate found that

the defendant's release posed a flight risk and a danger to the community.  The defendant's

motion to review his pre-trial detention does not provide any information that would alter the

Magistrate's findings.

The Magistrate found that the indictment provided probable cause to believe that

defendant committed a drug offense carrying a maximum term of imprisonment of ten years or

more. See, e.g., United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir.1991) (per curiam).

Consequently, the Magistrate held that the rebuttable presumption in favor of detention applied.

See 18 U.S.C. § 3142(e) ("[s]ubject to rebuttal by the person, it shall be presumed that no

condition or combination of conditions will reasonably assure the appearance of the person as

required and the safety of the community"). The Magistrate held that once the presumption is

invoked, the defendant need only produce some evidence to rebut it.  United States v. Dillon, 938

F. 2d 1412, 1416 ( (1st Cir. 1991).

However, even if the defendant produces some evidence, the presumption does not

disappear. Id.  The presumption retains evidentiary weight.  Id.  Especially in this type of case

where the facts fit the congressional paradigm reflecting Congress' findings that drug traffickers

often have the resources and foreign contacts to escape to other countries, as well as strong

incentives to continue the drug trade. United States v. Moreno, 30 F. 3d 127, 1994 WL 390091 at

*2 (C.A. 1(Mass.)).

At the conclusion of the detention hearing, the Magistrate ruled that the defendant should

be detained because of: 1) the nature of the crime, a drug trafficking crime; 2)  the significant

amount of drugs, over 500 grams of cocaine base; 3) the defendant's frequent travel to the

Dominican Republic, where the package originated; and 4) his familial ties to the Dominican

Republic. The Magistrate found that the government met its burden of proof, aided by the

presumption, that the defendant posed a flight risk and a danger.  These facts certainly fit the Congressional paradigm which established the presumption.

The defendant's recent request does not change any of those considerations.  The defendant merely makes a third request for a third party custodian.  It is apparent that the defendant is shopping for people to act as a third party custodian.  Clearly, the defendant's attempt falls short of providing the needed "objectively reasonable assurance of community safety" provided by statute.  See Moreno, 30 F. 3d 127, 1994 WL 390091 (C.A. 1 (Mass.)) citing United States v. Tortora, 922 F. 2d 880, 886 (1st Cir. 1990).  The defendant's bare bones request does not provide any information that would affect the Magistrate's finding that the defendant is a flight risk and poses a danger to the community.  Thus, an evidentiary hearing is not necessary to review the defendant's detention status. See United States v. Cartagena-Mederos, 888 F. Supp. 2d 211, 213 (1st Cir. 2012).

IV.   CONCLUSION.

For the reasons stated, the United States requests that the Court deny an evidentiary hearing on the Defendant's Motion for Review and deny a change in his detention status.

Respectfully submitted,

DONALD FEITH
Acting United States Attorney

By:   /s/Debra M. Walsh
Debra M. Walsh
Assistant United States Attorney
N.Y. Bar No. 2369627
U.S. Attorney's Office
53 Pleasant Street, 4th Floor
Concord, NH  03301
603-225-1552
Deb.walsh@usdoj.gov

Dated: August 7, 2015

CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been served, via ECF, on Paul J. Garrity, Esquire, 14 Londonderry Road, Londonderry, NH 03053, counsel for the defendant, on August 7, 2015.

/s/Debra M. Walsh
Debra M. Walsh
Assistant United States Attorney