UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.                                                                                          Docket No. 15-CR-00077-JL

JUAN PICHARDO MENDEZ

**MOTION IN LIMINE**

NOW COMES the Defendant, Juan Pichardo Mendez, by and through counsel and moves this Court, pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence, to exclude from evidence at his trial the following:

1. Any and all evidence related to the query of a tracking number for the cocaine package at an IP address linked to Janet Santos at 249 Pearl Street, Manchester, New Hampshire.

In support of this motion the Defendant states as follows:

A. The Defendant stands charged with attempted possession with intent to distribute cocaine base. The investigation determined that the tracking number for the package containing the cocaine in question was queried by a Comcast IP address to which Ms. Janet Santos was listed as the subscriber. The subscription address was listed as 249 Pearl Street, Manchester, New Hampshire. The Defendant submits this information is irrelevant and should be excluded from his trial pursuant to Rule 402 of the Federal Rules of Evidence.

B. This Circuit has stated that evidence can be "relevant" under Rule 401 even if it fails to prove or disprove the fact at issue. United States v. Schneider, 111 F.3d 197, 202 (1st Cir. 1997). However, the Defendant submits that since the IP address was not assigned to him or an address at which he lived or could be placed on the day the package was queried it does not help prove that he took a substantial step towards possession of cocaine, as charged. This Circuit has found IP addresses support probable cause for a

search but in those cases the defendant was living in the home and using the IP address to commit a crime, accessing child pornography. *See*, United States v. Chiaradio, 684 F.3d 265, 279 (1st Cir. 2012); United States v. Kearney, 672 F.3d 81, 89 (1st Cir. 2012). These case are therefore distinguishable.

C. This Circuit has ruled evidence irrelevant when it only makes more probable a fact not "of consequence to the determination of the action." *See*, United States v. Dunbar, 553 F.3d 48, 59 (1st Cir. 2009)(holding that testimony about childhood abuse relevant only to why witness stayed with defendant to protect credibility which was not attacked); United States v. Balthazard, 360 F.3d 309, 317 (1st Cir. 2004)(holding evidence of false tax return not relevant to prove defendant had higher income than legitimate sources allowed).  The Defendant does not question that the package was queried. The issue is, who did they query? Absent evidence the defendant did, the query is irrelevant and should be excluded under Federal Rule of Evidence 402.

D. The Defendant further submits to the extent this evidence has any relevance its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues its introduction would cause him.  As a result, the query should be excluded pursuant to Rule 403 of the Federal Rules of Evidence.  The Defendant submits that the probative value of the evidence is very low.  This Circuit has recognized that any internet access from a computer at the same location would have the same IP address, making it difficult to connect use to one person. United States v. McLellan, 792 F.3d 200, 213-214 (1st Cir. 2015)(citations omitted).  It has also indicated, in a case where downloading was the illegal action, that guilt based in part on an IP address must also show that the defendant took the action. United States v. Cameron, 699 F.3d 621, 653 (1st Cir.2012).

Another Circuit has noted that when there is knowledge that the IP address does not accurately identify the user its value for probable cause may be greatly reduced, perhaps to zero. United States v. Vosburgh, 602 F.3d 512, 527 n. 14 (3rd Cir. 2010).  Here, the Defendant submits there is no evidence showing he accessed the internet at 249 Pearl Street on the day in question, that he lived there or that he was there at all on the day of the query.  Without one of those facts the probative value of the query is very low.

E.  The Defendant submits that there is a risk of unfair prejudice and confusion of the issues. Unfair prejudice is a "tendency of evidence to lead the jury… to desire to convict a defendant for reasons other than guilt." United States v. Lachman, 48 F.3d 586, 592 (1st Cir. 1995).  The Defendant submits the query evidence may tend to lead the jury to want to convict him merely because his girlfriend's home was connected to the query, using the rationale that it *must* have been him because he was the one the police charged.  The Defendant submits the risk of confusion of the issues is also present.  There could be significant discussion about how IP addresses work, who can be connected to an IP and whether or not the Defendant can be connected to 249 Pearl Street on the day of the query.  All of this information may confuse the jury into believing that if the prosecution convinces them that the Defendant was at the home he is guilty.  Therefore the risk of unfair prejudice or confusion of the issues substantially outweighs any low probative value the query may have and it should be excluded under Federal Rule of Evidence 403.

F.  Based upon information and belief the Government objects to this motion.

WHEREFORE, the Defendant respectfully requests that this Court grant his motion and exclude from evidence at his trial the above referenced query and related evidence.

Respectfully submitted,<br>Juan Pichardo Mendez,

By His Attorney,

/s/ Paul J. Garrity
Paul J. Garrity
Bar No. 905
14 Londonderry Road
Londonderry, NH 03053
603-434-4106

CERTIFICATE OF SERVICE

I, Paul J. Garrity, herein certify that on this 18th day of November, 2015, a copy of the within Motion in Limine was e-filed and mailed, postage prepaid, to Juan Pichardo Mendez.

/s/ Paul J. Garrity
Paul J. Garrity