UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:15-cr-00077-JL |
| ) | |
| JUAN A. PICHARDO MENDEZ ) | |

UNITED STATES' SENTENCING MEMORANDUM

The United States objects to the calculation of the defendant's offense level in the Revised Presentence Investigation report (PSR) and recommends that the Court sentence the defendant to 37 months in prison on the following grounds:

Objection to Revised Presentence Investigation Report

The United States objects to the determination in the PSR that the base offense level is 30. (PSR ¶¶ 17, 25). The United States asserts that the correct base offense level is 28 because the preponderance of the evidence supports that the defendant attempted to possess no more than at least 196 grams, but less than 280 grams, of a mixture of substance containing a detectable amount of cocaine base. *See* U.S.S.G § 2D1.1(c)(6).

The PSR erroneously holds the defendant accountable for attempting to possess at least 280 grams, but less than 840 grams of a mixture or substance containing a detectable amount of cocaine base. (PSR ¶¶ 17, 25). This determination is flawed because it is based on the total net weight of the contents of each package the defendant attempted to possess. But, as noted in paragraphs 16 and 17 of the PSR, the Department of Homeland Security Laboratory aggregated the contents of the three packages it received for analysis before samples were taken for chemical analysis. This was a deviation from the lab's standard protocol and it foreclosed the lab's ability to determine whether cocaine base was present in one package or in all of the

- 1 -

packages. Consequently, even though the aggregate net weight of the contents of the packages before testing was 558.04 grams, there is no evidence that each package contained cocaine base. Therefore, the United States cannot prove by a preponderance of the evidence that the defendant attempted to possess at least 280 grams, but less than 840 grams, of a mixture or substance containing a detectable amount of cocaine base.

Two of the three packages the lab received were the original foil packages found concealed in the box flaps when the box shipped from the Dominican Republic was intercepted in Puerto Rico. (PSR ¶ 10). The third package was plastic bag containing a small sample of the substance contained in one of the foil packages that agents removed for purposes of making a controlled delivery. (PSR ¶ 10). Thus, the entirety of the mixture or substance received by the lab was originally contained in the two foil packages. Since the foil packages appeared to be about the same size and, when they were intercepted, appeared to contain similar amounts of material, it is reasonable to infer that the net weight of the contents of one foil package would have been about 279.02 grams, which is half of the aggregate net weight of the contents of the three packages submitted to the lab.

The preponderance of the evidence supports that the defendant attempted to possess cocaine base contained in at least one of the foil packages, or, in other words, that he attempted to possess at least 196 grams, but less than 280 grams, of a mixture or substance containing a detectable amount of cocaine base. The evidence does not support attributing a greater weight range to the defendant because there is no way to know if cocaine base was present in the other foil package.

Despite the lack of evidence that cocaine base was present in both foil packages, the PSR adopts the "market-oriented" approach to drug quantities to support the determination that the

defendant is liable for the aggregate net weight of the contents of both foil packages. (Addendum to PSR ¶ 3). The "market-oriented" approach provides that a defendant convicted of a drug crime should be held accountable for the quantity, rather than the purity, of the drugs at issue. *United States v. Charles*, 213 F.3d, 10, 25 (1st Cir. 2000) ("'Congress adopted a 'market-oriented' approach to punishing drug trafficking, under which the total quantity of what is distributed, rather than the amount of pure drug involved, is used to determine the length of the sentence.'" (quoting *Chapman v. United States*, 500 U.S. 453, 461 (1991))). But the issue in this case is not the purity of the cocaine base, it is the lack of sufficient proof that both foil packages contained cocaine base. Accordingly, the "market-oriented" approach is inapposite to the determination of the defendant's sentence.

   The following hypothetical demonstrates the problem with applying the "market-oriented" approach in this case. Had the contents of each package been analyzed separately, and had only one package been found to contain a detectable amount of cocaine base, the contents of the "clean" package would not have been added to those of the "hot" package for sentencing purposes. Even under the "market-oriented" approach, only the contents of the "hot" package would have been used to determine the defendant's sentence. It follows that since there is no analytical evidence that both packages contained cocaine base, using the "market oriented" approach to aggregate the weight of both foil packages for sentencing purposes is unjust. The only reasonable and just method of determining the drug weight in this case is to hold the defendant liable for one half of the combined weight of both foil packages.

   In accordance with this methodology, the defendant's base offense level should be 28, his adjusted offense level should be 26, and his total offense level should be 23. The applicable advisory guideline sentencing range at criminal history category I should be 46-57 months.

<u>Statutory Variance</u>

Irrespective of whether the Court sustains the United States' objection to the PSR, the United States moves that the Court vary below the applicable advisory guideline sentencing range and recommends that the defendant be sentenced to 37 months in prison. Based on the facts and circumstances of this case, a 37-month sentence would sufficient, but not greater than necessary, to comply with the purposes of sentencing delineated in Title 18, United States Code, Section 3553(a).

The defendant has no prior criminal record and there is no evidence that he was previously involved in drug trafficking. His perpetration of this crime evinced a lack of sophistication and poor planning, indicating that this offense was likely a novice effort. For example, the defendant trusted a third party he did not know well and with whom he had no established business relationship to accept the box on his behalf. Nonetheless, the crime the defendant committed was serious and his sentence should reflect its gravity, provide just punishment, and promote respect for the law. A 37-month sentence would achieve these goals while also providing the defendant with a meaningful opportunity to participate in rehabilitative programs to help him learn to control his behavior and keep himself from re-offending after he is released.

If the Court sustains the United States' objection to the calculation of the defendant offense level, a 37-month sentence would constitute a relatively modest nine-month variance from the low end of the applicable advisory guideline sentencing range of 46-57 months. Based on the facts of this case and the history of and characteristics of the defendant, a longer sentence is not needed to address the defendant's conduct, provide just punishment, provide respect for the law, and afford adequate specific and general deterrence.

Conclusion

Base on the foregoing reasons, the United States respectfully requests that the Court sustain its objection to the Revised Presentence Investigation Report and sentence the defendant to 37 months in prison. The United States further recommends that the Court sentence the defendant to three years of supervised release on Count One to run concurrently with one year of supervised release on Court Two upon the defendant's release from incarceration. The United States also recommends that the imposition of a fine be waived based on the defendant's inability to pay a fine.

A supporting memorandum of law has not been filed because relevant authority is cited herein.

    Respectfully submitted,

    EMILY GRAY RICE
    United States Attorney

Dated: May 20, 2016    By: /s/Mark S. Zuckerman
    Mark S. Zuckerman
    Assistant United States Attorney
    New Hampshire Bar No. 4865
    United States Attorney's Office
    53 Pleasant Street, 4th Floor
    Concord, NH  03301
    (603) 225-1552
    mark.zuckerman@usdoj.gov

## **CERTIFICATION**

      I hereby certify that a copy of this sentencing memorandum has been served electronically, through ECF, on Paul J. Garrity, Esq., 14 Londonderry Road, Londonderry, NH 03053, counsel for the defendant, and via email on United States Probation Officer Scott M. Davidson on June 20, 2016.

                                             /s/ Mark S. Zuckerman
                                             Mark S. Zuckerman
                                             Assistant United States Attorney