**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Dkt. No. 0102 1:15CR00077-001-JL |
| | ) | |
| JUAN A. PICHARDO MENDEZ | ) | |

**DEFENDANT JUAN A. PICHARDO MENDEZ'S SENTENCING MEMORANDUM AND MOTION FOR A NON-GUIDELINES SENTENCE UNDER *BOOKER***

Pursuant to FCrP 32 and LCrP 32.1(i), defendant Juan A. Pichardo Mendez, through counsel, files this memorandum to urge the Court to impose a sentence of 37 months' imprisonment as agreed to in the plea agreement. To this end, the defendant joins with the Government in the objection it filed to the Presentence Investigation Report (PSR) and in its sentencing memorandum which includes a motion for a non-Guidelines sentence under *Booker*. This memorandum, which advances additional factors for consideration by the Court on these matters, is intended to support both positions, therewith well justifying the agreed upon sentence of 37 months' imprisonment.

**Objection to PSR**

The defendant joins the Government in both its objection to the quantity of cocaine base recommended by the probation officer in its letter of May 24, 2016 and its fuller explication of its position in its sentencing memorandum dated May 20, 2016. The crux of the matter is that the laboratory departed from protocol in the manner with which it analyzed the three bags containing cocaine base, thus rendering its conclusion as to the quantity of the drug problematic at best. David M. Benjamin, Ph.D., a Clinical Pharmacologist and Forensic Toxicologist hired by the defendant, reviewed the method employed by the laboratory and wrote as follows:

> The approach of mixing all 3 bags together confounds a reliable determination of what was present in each bag, before they were mixed together, and precludes a scientifically reliable determination and opinion of the qualitative presence and quantitative weight of any contraband in the individual bags. . . .
>
> The mixing of the 3 bags precludes a scientifically valid determination of whether or not there was contraband in 1, 2, or 3 bags before testing, and does not allow even an estimate of the total weight, because the probability that all the contraband was contained in one bag is 33%, and in 2 bags 66%, and it is now impossible to determine which scenario was, in fact, the case.[1]

Under the circumstances, the Government has concluded that "the only just and reasonable method is to hold the defendant liable for one half of the combined weight of both foil packages,"[2] or 279.02 grams.  In doing so, the Government rejects the "market-oriented" approach employed by the probation officer because it ignores the flawed protocol used by the laboratory in the first instance.  The defendant concurs on both issues.

The defendant wishes to offer one other principle for consideration by the Court on this issue. The "rule of lenity" applies to the Guidelines,[3] meaning that the Court is required to "infer the rationale most favorable to the [defendant] and construe the guidelines accordingly."[4]  If the Court sees the determination of quantity issue in this case as one "too close to call," then it should employ the "rule of lenity" in ruling for the defendant's position, which in this case is also supported by the Government.

For all of these reasons, the defendant agrees with the government that if the Court grants the objection, the following changes should be made to the PSR:

- ¶ 17 and ¶ 25 should reflect that the defendant attempted to possess between 196 and 280 grams of cocaine base and that the base offense level should be 28 under U.S.S.G. § 2D1.1(c)(6).
- The adjusted offense level in ¶ 30, ¶ 31, and ¶ 36, together with the combined adjusted offense level in ¶ 82, should be changed to 26.
- The total offense level in ¶ 41 and ¶ 62 should be changed to 23, and the advisory guideline range in ¶ 62 should be changed to 46 to 57 months.

---

[1] Memorandum from David M. Benjamin, Ph.D., to Paul Garrity, dated November 2, 2015, p. 1.
[2] United States' Sentencing Memorandum, dated May 20, 2016, p. 3.
[3] *U.S. v. Fuentes-Barahona,* 111 F.3d 651 (9th Cir. 1997).
[4] *U.S. v. Flemming,* 617 F.3d 252 (3d Cir. 2010).

- The advisory guideline fine range in ¶ 71 should be changed to $20,000 to $1,000,000 pursuant to U.S.S.G. § 5E1.2(c)(3).

## Variance Argument

The Court is charged with the responsibility of imposing a sentence "sufficient, but not greater than necessary" to comply with the four purposes of sentencing found in 18 U.S.C. § 3553(A)(2)(A-D), *i.e.,* punishment, deterrence, protection of the public, and rehabilitation.  In doing so, the Court is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  The defendant wishes to address both broad categories.

<u>Nature and Circumstances of the Offense</u>.  The defendant fully acknowledges the seriousness of the offense.  As pointed out by the Government in its sentencing memorandum, however, the facts of the offense suggest two important considerations:  first, there is no evidence that the defendant was involved in drug trafficking previously; and, second, "[h]is perpetration of the crime evinced a lack of sophistication and poor planning, indicating that this offense was likely a novice effort."[5]

Beyond these factors, it is also important to consider how the defendant himself, never having been detained in custody before, has reacted to this reality in his life since his arrest.  First, he has accepted full and unconditional responsibility for committing the offense.  Second, he engaged in a Safety Valve proffer with the Government during which he truthfully provided to the Government all that he knew about the offense.  Third, as indicated in ¶ 4 of the PSR, the defendant was the victim of an evidently unprovoked attack by another inmate during which he conducted himself appropriately in response to staff orders.  Fourth, the defendant has sought to take positive advantage of his time in custody by virtue of his having participated in the following rehabilitations programs at the Strafford County House of Correction (SCDOC): meaningful participation in and completion of an Anger Management course (<u>see</u> appended

---

[5] United States Sentencing Memorandum, dated May 20, 2016, p. 4.

Certificate of Completion); regular attendance at spiritual services; and, enrollment in and regular participation in Hi-Set education classes as preparation for obtaining his GED (see appended letter from Caroline Ferrelli of the SCDOC staff).

The foregoing clearly suggests that the defendant is far from the typical drug trafficker who comes before this Court for sentencing. The offense was unsophisticated, likely being the first time he had engaged in criminality. What is important since that day, moreover, is that he has conducted himself well and has sought to prepare himself meaningfully for his return to the community.

History and Characteristics of the Defendant. Unlike many other defendants, the defendant enjoyed a reasonably positive upbringing. What stands out for special consideration by the Court are the following:

- He has no prior record of criminal convictions. (See PSR, PART B.).
- He has engaged in a long-term relationship with his paramour, Maria Isabel Cruz, and has fully supported her two children by a previous relationship and the two children they have brought into the world. (PSR, ¶ 52).
- Despite not having a high school degree, the defendant developed a very lucrative skill as a sheetrocker, a position to which he hopes to return when released to the community. (PSR, ¶ 56 and ¶ 57).
- The defendant developed a substance abuse problem at the age of 33 which, since his arrest, he has come to see as very problematic for him. He seeks treatment and counseling to address this issue. (PSR, ¶ 55).

Analysis in Light of Purposes of Sentencing. An analysis of this case in light of the purposes of sentencing found in 18 U.S.C. § 3553(a)(2)(A-D) follows.

4

*(A)  To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

The defendant acknowledges that the instant matter is a serious offense deserving of a sentence of imprisonment.  A number of factors mitigate against its being of the length that others similarly involved in trafficking typically receive.  One is that he was not previously known to have been involved in trafficking, and his offense was unsophisticated and probably his first foray into the criminal world.  A second is that he has no prior criminal record.  A third is the fact that the defendant's acceptance of responsibility is buttressed by his post-arrest conduct of engaging in a Safety Valve proffer, taking advantage of available rehabilitation programs while detained, and recognition of his substance abuse problem and desire to overcome it through treatment and counseling.  The defendant submits that, in light of these considerations (and others below), a sentence within the AGR recommended by the probation officer (57 to 71 months) or even that recommended by the Government prior to a variance (46 to 57 months) would be much greater than necessary to meet these sentencing purposes.

*(B)  To afford adequate deterrence to criminal conduct.*

The defendant submits that any sentence exceeding one year of imprisonment would have a deterrent effect on those contemplating similar criminal conduct.

*(C)  To protect the public from further crimes of the defendant.*

In his 35 years of life, this is the first instance of the defendant's having transgressed the law.  What is crucial for him to be law-abiding and not a danger to the public in the future is his successful participation in substance abuse treatment.  The defendant is committed to this goal.  If he is successful, the public will not be in danger from the defendant.

*(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

The defendant has acknowledged that he has a substance abuse problem and has expressed the desire to overcome this problem through treatment and counseling. Any sentence should include participation in such a program both while imprisoned and while on supervised release.

**Recommendation**

For all of the above reasons, we believe that a sentence within either AGR of 57 to 71 months or 46 to 57 months would be greater than necessary to meet the four statutory purposes of sentencing. The defendant joins with the Government in recognizing that the agreed upon sentence of 37 months' imprisonment, together with a judicial recommendation for treatment while in the custody of the Bureau of Prisons (BOP) and while on supervised release, would be a just disposition of this case.

Accordingly, the defendant urges the Court to impose the following sentence:

- A sentence of imprisonment of 37 months;
- A judicial recommendation to BOP that the defendant participate in the 500-hour substance abuse treatment program (RDAP);
- A term of supervised release of three years with the special substance abuse aftercare condition;
- No fine be imposed due to inability to pay;[6]
- A special assessment of $200.

---

[6] The defendant requests this because the financial information in ¶¶ 58 – 60 no longer obtains because the defendant has been in custody for nearly the last twelve months.

        Respectfully submitted,
        Juan A. Pichardo Mendez
        By his attorney,


        /s/ Paul J. Garrity
        Paul J. Garrity
        114 Londonderry Road
        Londonderry, NH 03053
        603-434-4106
        garritylaw@myfairpoint.net

**Dated:** June 27, 2016

### CERTIFICATE OF SERVICE

    I, Paul J. Garrity, hereby certify that on this 27th day of June, 2016, a copy of the within was e-filed for all parties of record and mailed, postage pre-paid, to Juan Pichardo-Mendez.

        /s/ Paul J. Garrity
        Paul J. Garrity

November 2, 2015

To: Paul Garrity, Esq.

Fr: David M. Benjamin, Ph.D.

Re: Co-mingling of 3 bags of evidence
---

Dear Attorney Garrity:

You have asked me to comment on the scientific effects of co-mingling the three bags of evidence into one larger sample prior to analyzing it for contraband.

I first called this technique to your attention when you sent the Government's reports to me as part of the discovery material you obtained.

Let us start at the beginning. We have 3 bags of evidence alleged to contain contraband. Prior to analysis, no-one knows the name of the suspected contraband since no analysis had been conducted. Regardless, there are only a few possibilities that would cover the situation: 1. There is no contraband in any of the 3 bags, 2. There is contraband in all 3 of the bags, 3. There is contraband in 1 of the bags, and 4. There is contraband in 2 of the bags.

If the bags are analyzed separately, the analyst will be able to determine which bags have and which bags do not contain contraband. However, if all 3 bags are co-mingled, each bag "adulterates" the other two bags, and an analysis of the combined 3 bags does not reveal which of the original 3 bags contained illicit substances, and which bags did not.

This approach of mixing all 3 bags together confounds a reliable determination of what was present in each bag, before they were mixed together, and precludes a scientifically reliable determination and opinion of the qualitative presence and quantitative weight of any contraband in the individual bags.

Under the circumstances of this case, the Government cannot make a scientifically reliable determination of the weight of the contraband because the mixing of the 3 individual bags does not lend itself to that analysis because the contents of each bag has been adulterated by the contents of the other 2 bags.

I am just amazed that any laboratory technician would conduct an analysis in such a scientifically shoddy manner. Even a high school chemistry student would know better.

If you had 3 bottles of wine at home, one was a valuable old wine that cost $100/bottle, one was a "table wine" that cost $12/bottle, and one was a wine of intermediate cost, say $40/bottle, would you mix them together before enjoying them with dinner? I don't think so, and that analogy describes the folly of having mixed the 3 bags together prior to analysis.

The mixing of the 3 bags precludes a scientifically valid determination of whether or not there was contraband in 1, 2, or 3 bags before testing, and does not allow even an estimate of the total weight, because the probability that all the contraband was contained in one bag is 33%, and in 2 bags 66%, and it is now impossible to determine which scenario was, in fact, the case.

It would be my opinion, to a reasonable degree of scientific certainty, that in this case, the weight of the contraband cannot be a factor in charging the defendant or sentencing the defendant because that factor cannot be reliably determined.

Respectfully submitted,

David M. Benjamin, Ph.D.
Clinical Pharmacologist and Forensic Toxicologist



# Certificate of Completion

This is to certify that

# Juan Pichardo Mendez

Has completed the 6 required sessions of the Anger Management Class at SCDOC

SCDOC Programs

Date: 09/23/15
Control #AM15-2003

# STRAFFORD COUNTY
# DEPARTMENT OF CORRECTIONS

**Bruce Pelkie**
Superintendent

**Jake Collins**
Assistant Superintendent
Education and Programs

266 County Farm Road
Dover, NH 03820-6003
603-742-3310, Fax: 742-2192
Straffordjail@co.strafford.nh.us

## Strafford County Department of Corrections Inmate Programming Report

The purpose of this report to is to show a record of the inmate's participation in rehabilitation programs at Strafford County House of Corrections.

**Case of:** Juan Pichardo Mendez
01 June 2016

**Anger Management:** Inmate Pichardo Mendez completed the required 6 sessions plus an additional 4 sessions of the Anger Management Program at SCDOC. He participated in a meaningful manner in this program.

**Spiritual Services:** Inmate Pichardo Mendez regularly attended Spiritual Services at SCDOC.

**Education:** Inmate Pichardo Mendez is enrolled in education classes at SCDOC. He attends regularly and is studying for the Hi-Set exam to receive his high school equivalency certificate.

In Sum,

Inmate Pichardo Mendez attended the above programs. He was of good behavior while attending and participated in a meaningful manner in these programs.

Compiled by:

Caroline Ferrelli
SCDOC